**JOYCE, Inc., v. SOLNIT et al.**

**No. 379–Y.**

District Court, S. D. California, Central Division.

Oct. 23, 1939.

Herbert A. Huebner, of Los Angeles, Cal., for plaintiff.

Frank L. A. Graham, of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

Suit for infringement of letters patent No. 2,067,963, relating to footwear, issued on January 19, 1937, and owned by plaintiff as successor to Pasadena Slipper Co. The defendants have denied infringement and have challenged the validity of the four claims of the patent in suit.

Plaintiff and defendants have long been in the same competitive field of shoe manufacturing. The defendant Maling secured, on March 14, 1939, letters patent No. 2,150,385, under which it is claimed the accused devices are being made.

Many samples of the plaintiff's and defendants' shoes have been placed before the Court. With the aid of experts, they have been cut apart and dissected to show similarity or dissimilarity. There is similarity of appearance between them. In fact, it may be conceded, that some of the copies show an attempt to imitate, in a cheaper structure, the pattern and color scheme of the plaintiff. Notwithstanding this fact, however, I am of the view that there is no infringement here.

The plaintiff's shoes have novelty and have had great commercial success.

However, the invention of Joyce over the prior art is limited to a small contribution only which is described in claim 1 as "a midsole member comprising a sole

portion and heel lift portion with a beveled upper face in contact with the sole portion, said midsole member being of relatively thick cushioning material having a substantially flat lower surface and shaped to extend completely over the lower surface of said insole, a covering of relatively thin material extending about the edges of said midsole member, means for securing the upper surface only of said midsole member to the insole,".

The drawings illustrative of the claims are:

to the teachings of claim 1 of Maling Patent No. 2,150,385, reading:

"1. A heel for footwear, comprising a plurality of sheet-form heel units individually pre-formed and individually finished by a binding strip secured to the margins of upper and under faces of each unit and covering the edge portions of the unit, said units being secured together in superimposed relation to provide a composite heel."

The drawings illustrative of the claims are:

We are not dealing with a method of shoe construction. The claims for such method (called "slipper and method for making the same") were rejected in the patent office and the present claims for "footwear" substituted.

In other words, we have a shoe of particular construction. Clearly, a combination of certain definite elements.

The accused device does not contain the essential elements of this combination, —a midsole member as described in the patent, and a covering over the midsole member. The laminated heel lift is clearly of the wedge-type, long known to the art. Its construction conforms to that art and

If we interpret the midsole member to include any wedge-type heel raising device, in a shoe construction, the invention would be invalid for anticipation. Novelty alone is not invention. McClain v. Ortmayer, 1891, 141 U.S. 419, 12 S.Ct. 76, 35 L.Ed. 800; Union Paper Collar Co. v. Van Dusen, 1874, 23 Wall. 530, 563, 23 L.Ed. 128; Boston Pencil Pointer Co. v. Automatic Pencil Sharpener Co., 1921, 2 Cir., 276 F. 910. The art is very old. There are in evidence wedge-type shoes long ante-dating the plaintiff's invention. Wedge-type shoe construction dating centuries back appears in art works and works on costume design. The fact that some of them relate to "slippers" does not call for

a different conclusion. Plaintiff's original application called for a "slipper". There would be no invention in applying to shoes for street wear the art heretofore applied to house slippers. They are branches of the same art,—the art of shoemaking.

 I find Claims 1, 2, 3 and 4 of letters patent No. 2,067,963, limited to the structure actually described in the claims and illustrated by the specifications, valid, but not infringed.

Judgment will be in favor of the defendants that plaintiff take nothing by its complaint.

Findings and judgment to be prepared by the defendant under Local Rule 8.