### WECKERLY et al. v. COE, Com'r of Patents.

### No. 7334.

United States Court of Appeals for the District of Columbia.

Decided Feb. 26, 1940.

advantage of this apparatus, which was chiefly urged in brief and on argument, is that it permits the flowing of material, to be weighed, in a steady uniform stream, and separates the material so that it falls from the trough in single pieces instead of in bunches; and a halting of the motor stops the flow abruptly without the risk of feeding too much material to the receptacle. It is claimed that as a result of the ability of the feeding device to arrest the flow of material instantaneously, and because of the accuracy of the photo-electric control, by which the supply of current to the reciprocating electric motor is cut off when the desired weight of material has been fed, accuracy and uniformity in weighing are insured.

Vibrating troughs designed to produce such flowing and separating of materials have been long known. Familiar examples are found in graders, used to distribute, according to uniform sizes, fruit, coal, crushed rock, sand and gravel.[2] The French patents to Pasquier, No. 697,210, and to Etablissements, S.A.M.I.A., No. 603,455, relied upon by the lower court, together disclose automatic weighing apparatus which utilizes an electrically vibrated, elongated trough, producing progressive reduction of the amplitude of the vibrations, accompanying the completion of the weighing. Appellants distinguish these French references from their own device on the ground that the former do not disclose appellants' photo-electric control.

Charles O. Marshall, Jr., of Toledo, Ohio, and Theodore A. Hostetler, of Washington, D. C., for appellants.

W. W. Cochran, Law Examiner, United States Patent Office, for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

This is a companion case to No. 7333, decided this day.[1] It involves an application for a patent upon an improvement in the automatic weighing apparatus described in No. 7333. This improvement is alleged to consist in the combination, with that apparatus, of a novel type of feeding device. This device consists of an elongated conduit or trough for feeding material from a hopper into a weighing receptacle, and a reciprocating electric motor for vibrating the trough longitudinally. The

But, as we have pointed out in No 7333, the prior art taught the use of the photo-electric control for precise measurements and for producing instantaneous action such as is contemplated in the operation of appellants' apparatus. Its utility in producing such a result was obvious and its use in appellants' apparatus in combination with other well known elements did not constitute invention.[3]

Moreover, as the lower court found, the photo-electric control, described

[1] Weckerly v. Coe, —— App.D.C. ——, 110 F.2d 699.

[2] See 1 Searle, Sands and Crushed Rocks (1923) 448, 455; Kneeland, Mine Transportation and Market Preparation (1926) 280 et seq.; Keystone Coal Mining Catalog (16th Ed. 1929–1930), distributed by McGraw-Hill Catalog and Directory Co., Inc., pp. 157, 159, 212, 334, 396, 453, 454, 508, 510, 523; Catalog 80-A, The Hydraulic Press Mfg. Co. (Mount Gilead, Ohio, 1928) sec. 30, p. 4.

[3] See Keystone Driller Co. v. Northwest Engineering Corp., 294 U.S. 42, 50, 55 S.Ct. 262, 79 L.Ed. 747; Powers-Kennedy Contracting Corp. v. Concrete Mixing and Conveying Co., 282 U.S. 175, 186, 51 S.Ct. 95, 75 L.Ed. 278; Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008.

by appellants in the application here involved, was disclosed as an element in a weighing scale, designed to accomplish similar results as appellants' apparatus, by the patent to Rees, No. 2,055,730, which was granted September 29, 1936, on an application filed April 21, 1931. Appellants' application was not filed until November 4, 1932. The Rees patent differed from appellants' apparatus in that it provided for a motor operated screw conveyor. Appellants' substitution of an electrically vibrated trough, such as described in the French patents, for the motor operated screw conveyor, did not constitute invention.[4] The Rees patent was properly relied upon as disclosing the state of the prior art on April 21, 1931, the date of the filing of the application therefor,[5] and was properly combined with other references as a basis for rejection of appellants' claim.[6]

We have considered carefully all the points relied upon by appellants and find them to be without merit.

Affirmed.

---

[4] Adams v. Bellaire Stamping Co., 141 U.S. 539, 542, 12 S.Ct. 66, 35 L.Ed. 849; Keystone Driller Co. v. Northwest Engineering Corp., 294 U.S. 42, 50, 55 S.Ct. 262, 79 L.Ed. 747; Powers-Kennedy Contracting Corp. v. Concrete Mixing and Conveying Co., 282 U.S. 175, 186, 51 S.Ct. 95, 75 L.Ed. 278; Larx Co., Inc. v. Gibbs & Co., 8 Cir., 97 F.2d 924, 925; L. Sonneborn Sons, Inc. v. Coe, 70 App.D.C. 97, 100, 104 F.2d 230, 233. See Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008; Textile Machine Works v. Louis Hirsch Textile Machines, Inc., 302 U.S. 490, 497, 58 S.Ct. 291, 82 L.Ed. 382.

[5] Alexander Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651; Minnesota Mining & Mfg. Co. v. Coe, 69 App.D.C. 256, 100 F.2d 429, certiorari denied, 306 U.S. 662, 59 S.Ct. 788, 83 L.Ed. 1059.

[6] L. Sonneborn Sons, Inc. v. Coe, 70 App.D.C. 97, 99, 104 F.2d 230, 232.