## OLDFIELD v. NUNN BRASS WORKS.
### No. 399.

District Court, W. D. New York.
Oct. 20, 1941.

See, also, D.C., 36 F.Supp. 639.

Frank Keiper, of Rochester, N. Y., for plaintiff.

Cumpston & Shepard, of Rochester, N. Y., for defendant.

BURKE, District Judge.

This is a suit for infringement of plaintiff's patent No. 1,779,102 on a bath trap. The plaintiff is the owner of the patent by assignment from his father, William H. Oldfield, the inventor. The defendant denies infringement and asserts that the patent is invalid for lack of novelty. In his amended complaint the plaintiff sets up facts which he claims establish an equitable estoppel and prevent the defendant from attacking the validity of the patent.

The patent in suit discloses a bath trap having an oval shaped body with a raised opening on the top into which fits vertically a TY outlet fitting with a male thread on its lower end, the top opening of which serves as a clean-out. It is fitted with a screw plug for closing the top opening. The patent purports to be an improvement on the inventor's prior patent No. 1,153,-247 which expired in 1932. The expired patent covered a bath trap having an elliptical shaped body with a curved depression on the bottom communicating with the inlet connection at one side to produce a whirling flow of water through the body of the trap by causing it to follow the curved sides of the body on its course to the outlet connection. The principal feature of the expired patent was the shape of the trap body with its channel on the bottom producing the whirling flow of water through the body. The clean-out arrangement on the trap of the expired patent was through a fitting which connected with an opening on the top of the body separate from the outlet fitting and over the inlet end of the trap body. The patent in suit discloses an oval shaped body. The drawings show an oval with the depressed channel on the bottom of the trap body as in the old trap. The principal difference between the disclosures of the old and new patents is that the clean-out arrangement in the patent in suit is through the top opening of the outlet fitting, thus eliminating the separate clean-out opening of the old trap. The threading arrangement on the new outlet fitting is reversed from the arrangement of the old, the new fitting having the male thread on the lower end of the fitting instead of on the raised opening on the trap body as it was in the old trap.

The defendant's trap has an oblong body with straight sides which merge concentrically with the inlet end or seal of the trap. The bottom of the trap body is flat. On the top of the body at the end opposite the inlet is a raised opening into which fits a T fitting, the top opening of which serves as a clean-out and is provided with a plug for closing.

The application for the patent in suit originally contained broad claims covering a bath trap body having inlet and outlet openings and a TY fitting connected to the outlet, the top opening of which fitting served as a clean-out and was fitted with

a plug for closing. The claims were rejected in the Patent Office on the reference to the patents on bath traps of Mayer and Hirst. The applicant cancelled the original claims and substituted restricted claims which were allowed.

The claims in suit are claims for a combination of specified elements. It was not invention to supply a bath trap with a clean-out at the top of the outlet fixture. Both Mayer and Hirst had disclosed that in prior patents. This gave rise to the necessity of cancelling the original broad claims and substituting amended claims with limitations that specified a combination of an oval shaped trap body and a TY outlet fitting, the top opening of which serves as a clean-out access and is fitted with a plug for closing. Plaintiff now says that the claims should not be restricted to an oval shaped body but that an oval shaped body obviously means a body that holds a large amount of water to insure sealing of the trap when drainage has been completed. In the argument presented to the Patent Office in support of the amended claims the applicant urged that "The oval trap is important because on account of the large amount of water contained therein, siphoning is prevented and the tangential inlet into the trap gives a swirling movement to the water in the trap so that all the solid material is stirred up therein and is carried out and does not have an opportunity to settle". Any shape of trap body distinct from the seal would hold a reserve supply of water, but any shape of body would not produce a whirling flow of water through the trap. An oval shaped body with its rounded sides and a tangential inlet was necessary for that result. The claims were further limited to a TY fitting which was the term the applicant used to designate a fitting with a curve in the wall opposite the horizontal outlet to direct the flush of the water in the direction of the outlet opening. These were the elements that the applicant made material in his invention and the Court may not now construe the claims to hold them immaterial. Fay v. Cordesman, 109 U.S. 408, 420, 3 S.Ct. 236, 27 L.Ed. 979; Shepard v. Carrigan, 116 U.S. 593, 597, 6 S.Ct. 493, 29 L.Ed. 723.

Plaintiff contends that the body and outlet fixture of defendants' trap are the equivalents of those disclosed by his patent. An equivalent is a device which "performs substantially the same function or office in substantially the same way to obtain substantially the same result". Bates v. Coe, 98 U.S. 31, 42, 25 L.Ed. 68. The body of defendant's trap uses no means to produce a centrifugal flow of water through the trap. The wall of defendant's outlet fixture opposite the horizontal opening is straight. Unlike plaintiff's it uses no means to direct the flush of the water toward the horizontal opening.

Plaintiff is estopped now from claiming the benefit of the broad claims that were cancelled and from claiming a broad construction of the amended claims which would nullify the limitations placed upon them. He "may not by construction, or by resort to the doctrine of equivalents, give to the claim the larger scope which it might have had without the amendments, which amount to a disclaimer". Weber Elec. Co. v. Freeman Elec. Co., 256 U.S. 668, 677, 41 S.Ct. 600, 603, 65 L.Ed. 1162; see also I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 443, 47 S.Ct. 136, 71 L.Ed. 335; Keystone Driller Co. v. Northwest Engineering Corp., 294 U.S. 42, 46, 55 S.Ct. 262, 79 L.Ed. 747.

I hold that defendant's trap does not infringe the claims of plaintiff's patent, even if valid. In this view of the case it is unnecessary to pass upon the defense of invalidity of the patent nor to decide whether the defendant is estopped, as plaintiff claims, from asserting that defense. Decree for defendant. Settle findings and conclusions on notice.