**BLANCHARD v. J. L. PINKERTON, Inc.**

No. 7734.

District Court, S. D. California, Central Division.

May 13, 1948.

862

Hamer H. Jamieson, of Los Angeles, Cal., for plaintiff.

Robert W. Fulwider and William G. Babcock, both of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause heretofore tried, argued, and submitted, is now decided as follows:

(A) As to the complaint, judgment will be for the defendants that plaintiff take nothing by his Complaint against the defendants or either of them.

(B) As to the counterclaim, judgment and declaration will be entered as follows: (1) That the patent covered by U.S. Letters Patent No. 2199611, issued on May 7, 1940, and patent covered by U.S. Letters Patent No. 2233395, issued on May 4, 1941, are, and each of them is valid; and (2) that none of the claims are, or were, infringed by the devices made, used or sold by the defendants, or either of them, prior to the filing of the Complaint.

(C) The defendants are allowed their costs and disbursements herein, but no attorney's fees.

## Comment

By the complaint, the plaintiff seeks injunction, profits and damages by reason of alleged infringement of the claims of the devices covered by the two patents just referred to. Neither structure is of great complexity. The actual trial of the case consumed less than three days. In addition to trial memoranda, exhaustive briefs have been filed, covering a total of 270 pages, with plaintiff's opening and closing briefs filling 189 pages. They have received full consideration.

The decision announced states the Court's ultimate conclusions upon the issues presented by the pleadings. In what follows will be indicated, in greater detail, some of the legal bases for the conclusions.

As this is not a full-length opinion, I shall not undertake to discuss in detail all the legal principles urged by the parties to this action. Our aim is merely to indicate, as a guide to counsel in the preparation of findings, some of the legal and factual foundations which underlie the decisions.

### I. Letters Patent No. 2233395

A. Much of the argument, in so far as it relates to this patent, expounds accepted norms, such as that a pioneer patent is entitled to a broad interpretation of its claims. We have no quarrel with this principle. The specifications designate the scope of the patent: "This invention relates to improvements in safety devices for boilers."

When dealing with an improvement patent, the structure claimed must be considered in the light of the prior art as it relates to devices in the same field, which, in this case are "safety devices for boilers." The claims must be limited to the "improvements." The specifications may be

resorted to in order to resolve ambiguities. They may limit, but they cannot enlarge, the claims.

■■ But in the last analysis, if there be infringement, it is the claims that are infringed and not the specifications. And when we are dealing with an "improvement" of a structure which existed before, the patentee is entitled only "to the precise devices described and claimed in his patent." Boyd v. Janesville Hay-Tool Co., 1894, 158 U.S. 260, 267, 15 S.Ct. 837, 840, 39 L.Ed. 973. And see, McClain v. Ortmayer, 1891, 141 U.S. 419, 425, 12 S.Ct. 76, 35 L.Ed. 800; Pacific States Electric Co. v. Wright, 9 Cir., 1922, 277 F. 756; Keystone Driller Co. v. Northwest Engineering Corp., 1935, 294 U.S. 42, 55 S.Ct. 262, 79 L.Ed. 747; Paraffine Cos. v. McEverlast, Inc., 9 Cir., 1936, 84 F.2d 335; H. Brinton Co. v. Mishcon, 2 Cir., 1937, 93 F.2d 445, 448; Williams Mfg. Co. v. United Shoe Machinery Corp., 1942, 316 U.S. 364, 368, 369, 62 S.Ct. 1179, 86 L.Ed. 1537.

■ There is another important consideration. A greater liberality of interpretation of claims obtains, and a greater range of equivalents is allowed, when we are dealing with a patent which has been reduced to practice successfully than when we are dealing with what we call "paper" patents. See my opinion in Mantz v. Kersting, D.C.Cal.1939, 29 F.Supp. 706, 712. However, great commercial success, in itself, is not a criterion either in determining whether there was invention, or in arriving at its scope. McClain v. Ortmayer, 1891, 141 U.S. 419, 428, 12 S.Ct. 76, 35 L. Ed. 800; Klein v. City of Seattle, 9 Cir., 1896, 77 F. 200, 204; Grayson Heat Control v. Los Angeles etc. Co., 9 Cir., 1943, 134 F.2d 478, 481; Marconi Wireless Co. v. United States, 1943, 320 U.S. 1, 20, 63 S. Ct. 1393, 87 L.Ed. 1731.

" 'Amazing results' do not in and of themselves indicate invention." General Metals Powder Co. v. S. K. Wellman Co., 6 Cir., 1946, 157 F.2d 505, 509.

"Commercial success is only a make weight to be thrown into the scale when invention is in doubt." Hanovia Chemical & Mfg. Co. v. David Buttrick Co., 1 Cir., 1942, 127 F.2d 888, 894. And see, Textile Machine Works v. Louis Hirsch Textile

Machines, Inc., 1937, 302 U.S. 490, 498, 499, 58 S.Ct. 291, 82 L.Ed. 382.

■ If the prior art which has been pressed upon the court as a ground for invalidity be considered in the light of these principles, it is evident that, while some of the elements contained in the patented structure are in the others, the claims here would not read upon any of the references or on the best references: Parker Patent No. 1965052, Sutherland Patent No. 1209355, Horridge Patent No. 930860, Spiller Patent No. 229644; House Patent No. 521166, Baldwin Patent No. 716982. Some of the results achieved by the patent in suit are also obtained by the structures referred to. But, essentially, they are different in that they do not achieve the primary purpose of the present patent, which is automatic safety. Nor do they operate on the same principles. See Los Alamitos Sugar Co. v. Carroll, 9 Cir., 1909, 173 F. 280, 284. Thus taking the measure of the invention from the claims as described, but not enlarged, in the specifications and depicted and exemplified in the drawings, the claims are valid.

■ B. By the same token, however, none of the claims is infringed by the devices manufactured by the defendants. This conclusion applies equally to the 1932–1933 construction and installation and to the structures manufactured for general commercial use subsequent to that date. The use of the 1932 structure was not pleaded as a defense, and cannot be considered as anticipation. 35 U.S.C.A. § 69(5); and see, Electric Storage Battery Co. v. Shimadzu, 1939, 307 U.S. 5, 17, 59 S.Ct. 675, 83 L.Ed. 1071. However, such use may, together with the prior art as disclosed by prior patents in the field, be relied on to show want of invention. Such use may prove lack of invention or limit its scope. Paraffine Cos. v. McEverlast, Inc., 9 Cir., 1936, 84 F.2d 335; Oswell v. Bloomfield, 7 Cir., 1940, 113 F.2d 377.

■ The evidence in the case shows conclusively the installation late in 1932, or early in 1933,—that is prior to the Blanchard application, which is dated October 14, 1935,—of a structure of the type of the accused device. The record furnishes the details of the structure through the tes-

timony of the defendant and of disinterested persons who took part in its construction and installation, at Seal Beach, California. While evidence of prior use must be clear and satisfying, it need not rise to mathematical certainty. See, Radio Corporation of America v. Radio Engineering Laboratories, 1934, 293 U.S. 1, 7, 8, 55 S.Ct. 928, 79 L.Ed. 163; Marconi Wireless Co. v. United States, 1943, 320 U.S. 1, 34, 63 S.Ct. 1393, 87 L.Ed. 1731; Paraffine Companies v. McEverlast, Inc., 9 Cir., 1936, 84 F.2d 335, 339, 340. The plaintiff argues that the 1932 structure did not anticipate the patented structure. Yet he insists that the accused devices as constructed after the date of the Blanchard application was filed, infringe.

There is a formula which, so far as can be ascertained, is traceable to Peters v. Active Mfg. Co., C.C.Ohio 1884, 21 F. 319, 321, and which teaches that "that which infringes, if later, would anticipate, if earlier."

But as is the case with all laconic formulas, it does not necessarily cover all situations. Recent writers have said so. Walker on Patents, Deller's Ed., 1937, Vol. I, Sec. 48, pp. 256–257. However, in the application of the apothegm, the converse is also true. Shakespeare Co. v. Perrine Mfg. Co., 8 Cir., 1937, 91 F.2d 199, 202. The accused devices, subsequent to 1932, are, so far as the record shows, substantially the same as,—if not identical with,—the former device. And even if it be conceded, as contended by plaintiff, that they achieve the same result, there is no substantial identity in components or their equivalents. Absent this, there is no infringement. Pacific States Electric Co. v. Wright, 9 Cir., 1922, 277 F. 756; R. H. Buhrke v. Brauer Bros. Mfg. Co., 8 Cir., 1928, 33 F.2d 838, 840, 841; Irvin v. Buick Motor Co., 8 Cir., 1937, 88 F.2d 947, 951, 952; Shakespeare v. Perrine Mfg. Co., supra, 91 F.2d at page 202; and see Mantz v. Kersting, supra, 29 F.Supp. at page 709, 710.

## II. Letters Patent No. 2199611

The conclusion reached that there is no infringement of Patent No. 2199611 requires little, if any, elaboration. As in Letters Patent No. 2233395, the number of claims is limited, five in all. Infringement is claimed as to Claims 1, 2, and 5. This application was the result of a requirement of the patent office that the structure of the valve operating device be covered by a separate application.

I am of the view that limited to the structure claimed, the patent is valid and is not anticipated by any of the prior art, such as Baldwin Patent No. 716982, Wright Patent No. 668302, Singleton Patent No. 7767, Humphrey Patent No. 796516, and Wyatt Patent No. 105289. See my opinion in Joyce, Inc., v. Solnit, 1939, 29 F.Supp. 787.

The device is intended for use in conjunction with the operation of valves and outlets for steam boilers. More particularly, it aims to permit the valves to be opened sequentially in case several steam outlets are used. It is evident that the claims call for a single pin operating a plurality of valves and comprise a plurality of aligned needle valves each with a slot in its valve stem. The slots are of different sizes and a cross pin passes through them all. The float lever by which the pin is operated allows the valves to be opened sequentially. The accused devices do not have slots of different sizes in their valves, nor do they have a single pin extending through slots in the valve stems or operating both valves. Pinkerton also uses two separate pins located at two different places, to operate two separate valves in different manners. So, admitting that the result is the same, the means by which it is achieved are so dissimilar from those of the patent in suit as to prevent, under the authorities already cited, a finding of infringement. See, Standard Mirror Co. v. H. W. Brown, 7 Cir., 1940, 113 F.2d 379, 380. See note and charts at end of case.

Hence the conclusions above announced.

## Note

For illustrative purposes we reproduce certain charts introduced at the trial which contrast the drawings of the two patents with corresponding drawings of the accused devices. The notations on the charts are those of the plaintiff and indicate his approach to the problem of similarity or dissimilarity. The court's views are, of course, in the opinion itself.

I
Comparative drawings of Patent No. 2,233,395

PINKERTON
SAFETY APPARATUS FOR BOILERS

Fig. 1.

PART NUMBERING TAKEN FROM
FIG. 1 OF BLANCHARD PATENT
IN SUIT NO. 2233395

March 4, 1941.    A. G. BLANCHARD    2,233,395

SAFETY APPARATUS FOR BOILERS

Filed Oct. 14, 1935    5 Sheets—Sheet 1

Inventor

Alva G. Blanchard

By

*Pinkerton*
*Safety Apparatus For Boilers*

*Fig. 3.*

PART NUMBERING TAKEN FROM
FIG. 3 OF BLANCHARD PATENT
IN SUIT NO. 2233395

March 4, 1941.  A. G. BLANCHARD  2,233,395

SAFETY APPARATUS FOR BOILERS

Filed Oct. 14, 1935  5 Sheets-Sheet 2

A. G. BLANCHARD  2,199,611

VALVE OPERATING STRUCTURE

Original Filed Oct. 14, 1935

Fig. 1.

I
Comparative drawings of Patent No. 2,233,395—Continued

PINKERTON

SAFETY APPARATUS FOR BOILERS

Fig. 2.

March 4, 1941.      A. G. BLANCHARD      2,233,395
SAFETY APPARATUS FOR BOILERS
Filed Oct. 14, 1935      5 Sheets-Sheet 4

Fig. 6.

PART NUMBERING TAKEN FROM
FIG. 6 OF BLANCHARD PATENT
IN SUIT NO. 2233395

II
Comparative drawings of Patent No. 2,199,611

May 7, 1940.   A. G. BLANCHARD   2,199,611

VALVE OPERATING STRUCTURE

Original Filed Oct. 14, 1935

PINKERTON
VALVE OPERATING STRUCTURE
Fig.1.

Fig.2.

PART NUMBERING TAKEN FROM
FIGS. I AND 2 OF BLANCHARD
PATENT IN SUIT NO. 2199611

Fig. 1.

Fig. 2.

Inventor
Alva G. Blanchard