TUCKER ALUMINUM PRODUCTS, INC., a Corporation, Appellant,

v.

Abraham GROSSMAN and Glide Windows, Inc., a Corporation, Appellees.

Abraham GROSSMAN and Glide Windows, Inc., a Corporation, Appellants,

v.

TUCKER ALUMINUM PRODUCTS, INC., a Corporation, Appellee.

No. 17619.

United States Court of Appeals Ninth Circuit.

Jan. 9, 1963.

Lyon & Lyon, and Charles G. Lyon, Los Angeles, Cal., for appellants-cross appellees.

Thomas P. Mahoney, Los Angeles, Cal., for appellees-cross appellants.

Before JERTBERG and BARNES, Circuit Judges, and ROSS, District Judge.

ROSS, District Judge.

This is an action by Abraham Grossman (hereinafter Grossman) and Glide Windows, Inc., (hereinafter Glide Windows) against Tucker Aluminum Products, Inc., (hereinafter Tucker) for an injunction and damages as a result of an alleged infringement of a patent. The district court had jurisdiction pursuant to the provisions of 28 U.S.C. § 1338 (1958), pertaining to the jurisdiction of the district courts in civil actions arising under any Act of Congress relating to patents, and we have jurisdiction under 28 U.S.C. § 1292(a) (4) (1958) pertaining to the jurisdiction of the courts of appeals in appeals from judgments in civil actions for patent infringement.

Briefly, the facts are as follows:

On March 30, 1954, Grossman filed an application for a patent for a sliding closure. The invention related to sliding closures such as doors and windows. An object of the invention was to provide a sliding door which included a knock-down sash and frame which could be easily and quickly assembled on the job. The patent was issued to Grossman on March 29, 1955. Thereafter, Glide Windows became the exclusive licensee under the patent and was entitled to exclusively manufacture, use and sell the invention covered thereby.[1]

The district court concluded that claim 3 of the patent was valid and that said claim was infringed by Tucker's sliding closures.[2] The court entered a judgment in which it held that a perpetual injunction be issued restraining Tucker from, among other things, making or selling any sliding closures embodying the invention claimed in claim 3 of the patent. Tucker appealed from said judgment. Plaintiffs cross appealed because in its judgment the court refused to grant damages to them in accordance with 35 U.S.C. § 284 (1958), pertaining to damages in patent infringement cases. The court also adjudged that each party shall pay its own costs and plaintiffs also cross appealed from this part of the judgment.

In its brief Tucker sets forth three contentions but in order to dispose of its appeal we need only consider the first contention which is as follows:

The patent in suit in invalid because the invention was described in printed publications, was in public use and on sale more than one year prior to the date of the application for patent contrary to the provisions of 35 U.S.C. § 102(b).

Section 102(b), Title 35 of the United States Code, provides that a person shall be entitled to a patent unless, among other conditions, his invention was in public use or on sale in this country, more than one year prior to the date of the application for patent. Grossman filed his application on March 30, 1954. Therefore, the question is, was the patented door in public use or on sale in this country before March 30, 1953. If so, Grossman was not entitled to a patent.

At this juncture it is important to note that the trial judge stated in his findings of fact the following:

"The defendant failed to carry its burden of establishing invalidity of the patent in issue based upon prior public use of the invention. * * *

* * * * * *

"No actual sales of the sliding closure of the patent in issue were made until after the critical date of March 30, 1953 since the sliding closure of the invention was still under test of the plaintiffs."

■■■ We, of course, recognize that findings of fact shall not be set aside unless clearly erroneous.[3] Further, it is important to observe that in this Circuit there is some confusion as to the burden of proof imposed upon a defendant who raises the defense of prior "public use." See Whiteman v. Mathews, 216 F.2d 712, 716 (9th Cir. 1954); Paraffine Cos. v. McEverlast, Inc., 84 F.2d 335, 339 (9th Cir. 1936); Rown v. Brake Testing Equip. Corp., 38 F.2d 220, 223 (9th Cir. 1930) and Blanchard v. J. L. Pinkerton, Inc., 77 F.Supp. 861, 864 (S.D.Calif. 1948). We think the burden is successfully borne where there exists "substantial evidence," which is "clear and satisfactory" although a defendant need not prove this defense "beyond a reasonable doubt."

1. Plaintiff Aluminum Extrusion Co. has succeeded to the exclusive license rights of Glide Windows in and to the aforesaid patent.

2. Claim 3 relates to the design of the rails and stiles in a sash for a sliding closure.

3. The first sentence quoted above is not a "finding of fact", but rather a conclusion of law by which we are not bound.

Here, defendant Tucker has met this burden and furthermore the finding of fact relating to the absence of sales before March 30, 1953, is clearly erroneous.

An examination of the record discloses that prior to March 30, 1953, extrusions were purchased, distributors appointed and price list published. These facts add some authenticity to the claimed prior public use or sale, but do not establish either. On October 16, 1952, Glide Windows entered into a contract with California Builders Co., Incorporated for the supplying of the patented doors[4] for the Kaiser Permanente Hospital in Walnut Creek, California. In January of 1953 a patented door was on public display at the Conrad Hilton Hotel in Chicago. One of plaintiffs' distributors placed an advertisement in the January 19, 1953 issue of the "Daily Construction News." This advertisement referred to the patented doors as the "SENSATION of the NAHB [National Association of Home Builders] SHOW." It went on to state that "THESE DOORS ARE PRICED TO COMPETE WITH ANY SLIDING UNIT, And are available for ¼ in. plate glass or ½ in. Thermopane." On January 19, 1953, C. L. Peck, a contractor, ordered, in writing, from Glide Windows, nine patented doors. The order was accepted by Glide Windows on February 3, 1953.

The public display in January of 1953, and the advertisement which appeared in the January 19, 1953 issue of the "Daily Construction News", are significant. As to the contracts of October 16, 1952, and January 19, 1953, Tucker concedes that it is probably true that the doors contracted for were not shipped prior to March 30, 1953. However, in our view the patented door was "on sale" within the meaning of 35 U.S.C. § 102 (b), because a contract for the furnishing of said doors was entered into prior to March 30, 1953, the critical date, and it is unimportant that the doors may not

have been delivered until after March 30, 1953. See Philco Corp. v. Admiral Corp., 199 F.Supp. 797, 815–818 (D.Del.1961) and Chicopee Mfg. Corp. v. Columbus Fiber Mills Co., 165 F.Supp. 307, at 324 (M.D.Ga.1958). Further, the contentions of plaintiffs pertaining to testing and experimentation are without merit.

In light of the holding herein plaintiffs are not entitled to damages nor their costs. It is, therefore,

ORDERED, that the judgment of the district court entered on August 17, 1961, is hereby reversed, save and except insofar as it pertains to costs, disbursements and damages, and as to said portions of the judgment it is hereby affirmed.

---

4. Of course, the door was not then patented, but in this and the next paragraph we use the term "patented" to denote that it was the same door that was later patented.