**KALVAR CORPORATION,**
**Plaintiff-Appellant,**

v.

**XIDEX CORPORATION,**
**Defendant-Appellee.**

No. 75–1931.

United States Court of Appeals,
Ninth Circuit.

July 5, 1977.

Rehearing Denied Sept. 13, 1977.

Cushman, Darby & Cushman, L. A. Hymo, Washington, D. C., Bronson, Bronson & McKinnon, San Francisco, Cal., argued for plaintiff-appellant.

Milling, Saal, Benson, Woodward & Hillyer, New Orleans, La., Albert J. Hillman, Townsend & Townsend, San Francisco, Cal., argued for defendant-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and BONSAL,* District Judge.

PER CURIAM:

■ Plaintiff-appellant Kalvar Corporation ("Kalvar") appeals from a decision of the United States District Court for the Northern District of California (Renfrew, J.) dismissing its complaint charging patent infringement by defendant-appellee Xidex Corporation ("Xidex") on the ground that the patent was invalid because the invention was in "public use" or "on sale" within the meaning of 35 U.S.C. § 102(b)[1] for a period of more than one year prior to the date of the patent application. The application was filed with the Patent Office on October 14, 1958 and a patent was subsequently issued to Kalvar on September 22, 1964. Accordingly, the "critical date" for determining whether the patented invention was in "public use" or "on sale" within the meaning of Section 102(b) is October 14, 1957, one year prior to the date of the patent application. The only issue on appeal is whether the district court erred in its decision because the sales, demonstrations, and promotional activities conducted by Kalvar prior to October 14, 1957 were experimental in nature and thus not subject to the restrictions of Section 102(b). *See Smith & Griggs Manufacturing Co. v. Sprague*, 123 U.S. 249, 8 S.Ct. 122, 31 L.Ed. 141 (1887); *Pacific Contact Laboratories, Inc. v. Solex Laboratories, Inc.*, 209 F.2d 529 (9th Cir. 1953); *Tool Research and Engineering Corp. v. Honcor Corp.*, 367 F.2d 449, 453 (9th Cir. 1966), *cert. denied*, 387 U.S. 919, 87 S.Ct. 2032, 18 L.Ed.2d 972, *reh. denied*, 389 U.S. 893, 88 S.Ct. 17, 19 L.Ed.2d 203 (1967).

Section 102(b) of Title 35 provides:
"A person shall be entitled to a patent unless—

\* \* \* \* \* \*

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, . ."

■ Here there is no dispute that Kalvar applied for and was later issued a patent for a manufacturing process in which vesicular photographic material is treated with a hot aqueous fluid by a process known as "thermal cycling" to improve its photographic qualities, especially the film's ability to yield continuous tone reproductions. Following a trial to the court, the district court found that the evidence supported Xidex's contentions that thermally cycled vesicular photographic film was sold and samples distributed to individuals and corporations by Kalvar before the critical date of October 14, 1957 and that the samples were sent for the purpose of generating commercial activity and soliciting sales of the film. The recipients included the Filmsort Division of the Dexter Folder Division of Miehle-Goss-Dexter, Incorporated, Mr. Don Williamson of Williamson Develop-

* Honorable Dudley B. Bonsal, United States District Judge for the Southern District of New York, sitting by designation.

[1] For a thoughtful discussion of 35 U.S.C. § 102(b), *see Timely Products Corporation v. Arron*, 523 F.2d 288, 299–302 (2d Cir. 1975).

ment Company, Mr. Gar Williams of Ranier Industrial Corporation, the Boeing Company in Seattle, Washington, Mr. Frank Morgan of Ideax Corporation, the Visual Aids Company of Washington, D. C., the Minnesota Mining & Manufacturing Co., and Peter Scott of the Massachusetts Institute of Technology. The district court was correct in its holding that such distribution of samples, in order to generate sales, is sufficient to support a finding that the invention was "on sale" within the meaning of Section 102(b). *See George R. Churchill Co. v. American Buff Co.*, 365 F.2d 129, 134 (7th Cir. 1966); *Chromalloy American Corp. v. Alloy Surfaces Co.*, 339 F.Supp. 859, 865–869 (D.Del.1972).

The district court also found that Kalvar had developed an apparatus that was capable of and did produce marketable film as of August 16, 1957, and that such an apparatus had been used by Kalvar as early as May 1957 in connection with a Naval Research and Development contract to develop a vesicular photographic paper for duplicating aerial reconnaissance photographs.

Furthermore, the district court found that on October 10, 1957, Kalvar exchanged three rolls of thermally cycled vesicular film for three rolls of uncycled vesicular film that had been sold to Professor Scott of the Massachusetts Institute of Technology in May 1957 and that such transactions constituted a sale prior to the critical date. *See Tucker Aluminum Products, Inc. v. Grossman*, 312 F.2d 293 (9th Cir. 1963). Then, too, the district court found that thermally cycled film had been sold to Ideax Corporation and Ranier Industrial Corporation prior to the critical date for the purpose of demonstrating the film and offering it for sale to the Boeing Company.

Since the district court found that these activities were not "substantially" for purposes of experimentation with the patent process, *see Robbins Company v. Lawrence Manufacturing Co.*, 482 F.2d 426 (9th Cir. 1973), the patent was held invalid under Section 102(b).

 A review of the record at trial reveals that there was evidence to support the district court's findings. The evidence demonstrates that much of Kalvar's activity prior to the filing of the patent application was commercial in nature. Kalvar used the process to produce film for the Navy under its existing contract. It freely distributed samples of the film to distributors for demonstrations with the aim of generating new sales. While there was some evidence that Kalvar continued to work on its manufacturing apparatus to improve the quality of the product, the evidence is clear that the manufacturing process was sufficiently developed prior to the critical date so as to produce marketable film for public use or public sale within the meaning of Section 102(b). *See Cataphote Corp. v. De Soto Chemical Coatings, Inc.*, 356 F.2d 24 (9th Cir.), *cert. denied*, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67 (1966).

Moreover, the district court, as the trier of fact, found that the various sales, sample distributions, demonstrations and promotional activities engaged in by Kalvar were undertaken for the commercial exploitation of the product. Therefore, Kalvar failed to meet its burden of proof under the experimental exception to Section 102(b). *Robbins Company v. Lawrence Manufacturing Co., supra.*

Since we find that there was evidence to support the district court's findings of fact that Kalvar's activities prior to the critical date were commercial rather than experimental, we affirm on the ground that the district court's findings were not clearly erroneous. *See Monroe Auto Equipment Company v. Superior Industries, Inc.*, 332 F.2d 473, 484–85 (9th Cir.), *cert. denied*, 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 175 (1964).

AFFIRMED.