CARBICE CORPORATION OF AMERICA *v.* AMERICAN PATENTS DEVELOPMENT CO. ET AL.

No. 54. Reargued April 27, 1931.—Decided May 18, 1931.

Mr. *Samuel E. Darby, Jr.,* for petitioner.

Mr. *Charles Neave* for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Circuit Court of Appeals held the patent valid and infringed. 38 F. (2d) 62. In our opinion delivered

March 9, 1931, we found it unnecessary to determine the validity of the patent, because we held that the bill should be dismissed on the ground that the owner of a patent may not limit its use so as to require that unpatented materials employed in practicing the invention shall be purchased only from the licensor, *ante*, p. 27. On March 16, 1931, the Carbice Corporation petitioned that the Court rule also on the validity of the patent. The reason assigned was the inauguration by the Dry Ice Corporation of a campaign of intimidation against customers of the Carbice Corporation by releasing to the public press a statement that the validity of the patent as sustained by the Court of Appeals had not been disturbed; that the true patent monopoly had in no way been limited by this Court; that we had indicated that the proper way to enforce the patent monopoly is by directly suing those who use solid carbon dioxide in the patent combination without a license; and that the Dry Ice Corporation would immediately bring such a suit. A re-argument, limited to the question of the validity of the patent, was ordered. The respondents petitioned for a rehearing on the issue determined in our former opinion. The latter petition was denied.

The refrigerating transportation package which is specified and claimed in the patent in suit is described in the earlier opinion, *ante*, p. 27. The alleged invention is for the locational arrangement of materials within a container. Whether a locational arrangement within a structure can ever be patented as a manufacture need not be determined. Nor need we consider whether the patent, as issued, contained a sufficient disclosure of the alleged invention. For the combination in suit lacks patentable invention and novelty. Each of the elements—refrigerant, material to be refrigerated, and container—performs its function in a known way. Long prior to the date of the claimed invention, it was known that solid carbon dioxide, which has a temperature of 110

degrees below zero, is a refrigerant; that when it " melts " it passes directly into a dry gas heavier than air, of like low temperature, which may serve as a refrigerant until its temperature rises to that of the outside air. It was known also that a frozen article—be it ice cream or solid carbon dioxide—will remain frozen longer if insulated; and that paper is an insulator. It was not invention to conclude that a cake of the solid dioxide wrapped in paper would remain solid longer if also surrounded by ice cream, than if placed in more immediate proximity to the walls of the container and thus to the outer air; or to conclude that the gas, being heavier than air would, as generated, drive the air out of the container, and thus serve as an additional insulator. Compare *Hollister* v. *Benedict & Burnham Mfg. Co.*, 113 U. S. 59, 72-73; *Dreyfus* v. *Searle*, 124 U. S. 60, 63; *Wilson* v. *Janes*, 3 Blatch. 227.

Moreover, the structural device of surrounding the refrigerant by the article to be refrigerated had been shown in the Mosler and Ladewig refrigerating butter-box, United States Patent No. 236,906, issued January 25, 1881; and in Rumpel's portable lunch box, United States Patent No. 1,130,932, issued March 9, 1915. It is true that in these prior art structures the refrigerant employed was not completely surrounded by the refrigerated materials, as the top or bottom of the ice container was usually left exposed. This was done to permit access to the ice chamber for the purpose of removing water. Since carbon dioxide sublimes directly into a dry gas, such access obviously need not be provided, and the refrigerant may be surrounded on all four sides. This difference is unimportant. These references suffice to render the patent invalid also because of anticipation without considering the additional defense of prior use.