## NOISOM v. AUTOMATIC AUTO COMPASS CO.

### No. 8939.

Circuit Court of Appeals, Eighth Circuit.

July 20, 1931.

N. S. Amstutz, of Valparaiso, Ind., for appellant.

W. T. Evans, of Waterloo, Iowa, for appellee.

Before KENYON and BOOTH, Circuit Judges, and OTIS, District Judge.

BOOTH, Circuit Judge.

This is a patent suit in conventional form. The main defense relied upon is invalidity of the patent for lack of invention.

The patent involved is No. 1,665,715, issued April 10, 1928, to Ole P. Noisom; application filed May 8, 1926. It covers a compass indicator for automobiles, etc.

The patent includes four claims, but only the fourth is here involved. That claim reads as follows: "4. In direction indicators for conveyances, a suitable casing having a flanged edge integral therewith, a double flanged ring for the casing, a cover glass between a flange of the ring and the flange of the casing, a magnetic needle free to rotate between the glass and the casing on its axis, a removable bearing recess in the glass for the lower end of the axis, and means for simultaneously holding the axis free to rotate and have slight endwise movement."

The elements of the claim are: (1) a casing with a flanged edge; (2) a double flanged ring for the casing; (3) a cover glass between a flange of the ring and the flange of the casing; (4) a magnetic needle free to rotate between the glass and the casing on its axis; (5) a removable bearing recess in the glass for the lower end of the axis; (6) means for simultaneously holding the axis free to rotate and have a slight endwise movement.

The "axis" mentioned is a spindle. The specifications make this clear. It is therein stated: "The compass needle 19 is secured to a spindle in any desired manner. The lower end 18 of such a spindle at 20, is cone shaped. It rests in a conical depression 21 formed on the upper surface of the glass cover 22. The upper end 23 of the spindle 18 enters a central hole in the retaining screw 13."

The ordinary compass has, in general, the following elements: A magnetic needle; a spindle which is stationary; a bearing attached to the needle and which fits over the top of the spindle; a cover glass over the needle; and a cardboard or flange around the edge of the casing on the inside to hold the glass from contact with the needle.

It is apparent that the patent device has a number of these old elements. It has the spindle, the needle, the casing, and a flange to separate the glass from the needle; but in the patent device, inasmuch as the compass is to be used upside down, the spindle, instead of being stationary, as in the ordinary compass, is movable, and the needle is attached to it; and there is a bearing in the cover glass for the lower end of the spindle. The upper end of the spindle moves in a guide which, according to the specifications, consists of a cylindrical opening in the tip end of a hollow screw.

The lower court held that the attaching of the needle to the spindle, the making of the spindle movable, and the providing of a bearing in the glass for the lower end of the spindle with a guide at the other end of the spindle did not constitute invention in view of the prior art. We think that conclusion is correct. We are of the opinion that an ordinary mechanic, being confronted with the problem of making the usual compass operate when upside down, would at once see the reason why the compass, as usually constructed, will not work in that position. He would at once see that a bearing in the cover glass was necessary for one end of the spindle, and he would also at once see the advantage of having the needle attached to the spindle. Changes so obvious and so simple do not amount to invention. Florsheim v. Schilling, 137 U. S. 64, 11 S. Ct. 20, 34 L. Ed. 574; Tropic-Aire, Inc., v. Sears, Roebuck & Co., 44 F.(2d) 580 (C. C. A. 8); Magic City Kennel Club v. Smith (C. C. A.) 38 F. (2d) 170, affirmed 282 U. S. 784, 51 S. Ct. 291, 75 L. Ed. 707; Carbice Corp. of America v. American Patents Development Corp. 283 U. S. 420, 51 S. Ct. 496, 75 L. Ed. 1153.

As the trial court did not pass upon the question of infringement, and as a determination of that question is not necessary to a disposition of the case, we do not discuss that matter.

We hold claim 4 of the patent invalid for lack of invention.

The decree of the trial court is modified so as to cover claim 4 only, and, as so modified, is affirmed.