## In re GARRATT.
## Patent Appeal No. 3024.

Court of Customs and Patent Appeals.
Feb. 20, 1933.

Walter F. Murray and Frank L. Zugelter, both of Cincinnati, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Three claims are involved in this appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting same.

The application relates, generally, to "Improvements in Variable Speed Power Transmission Device." Several claims were allowed. Those rejected and here appealed read as follows:

"25. In a device of the class described the combination of a drive shaft, a driven shaft coaxial with the drive shaft, a connection between the drive and driven shafts for movement with the drive shaft, and for imparting rotary motion to the driven shaft, said connection having a rate of rotation identical with the rate of rotation of the drive shaft and having a limited movement independent of said drive shaft, and control means regulating transmission of rotatory motion from said connection to the driven shaft.

"26. In a device of the class described, the combination of a drive shaft, a driven shaft coaxial with the drive shaft for joint movement with and for rotary movement independent of said drive shaft, one of said shafts comprising a crank, a connection between the crank and the other shaft, said connection having unitary rotation with said other shaft· and having movement relative to said other shaft for modifying and controlling the joint and independent movement of said drive and driven shafts."

"28. In a device of the class described, the combination of a drive member, a driven

114

member, a connection between the drive and driven members for unitary rotation with the drive shaft, and having an independent eccentric nonrotating movement relative to said drive member for imparting movement to the driven member."

Claim 25 was rejected upon a patent to Stone, No. 706,611, granted August 12, 1902; claim 26 upon patent to Gerber, No. 1,576,-964, of March 16, 1926; and claim 28 upon the ground that it is functional.

■ The examiner states that the devices of appellant and Stone are structurally different, but says of claim 25 that it "is very indefinite as to the specific structure involved." The board speaks of it as being drawn in broad terms. Both held that because of its indefiniteness as to structure and its breadth, its terms were applicable to Stone, and made specific application of elements found in Stone to all elements named with definiteness in the claim, and also designated certain operations, apparently thought to be inherent in the movements of Stone's device, which respond to operations called for by the claim.

For the purpose of clarification, it seems proper to examine the claim analytically.

Apparently it specifically describes or names just four physical elements, to wit: (1) "A drive shaft;" (2) "a driven shaft coaxial with the drive shaft;" (3) "a connection," having certain named purposes and performing certain described operations; and (4) "control means regulating transmission of rotatory motion from said connection to the driven shaft."

It is noted that, so far as the claim is concerned, the "connection" is given no structural description. The claim itself names no specific features which comprise the connection. The same is true of the "control means" which we have listed, supra, as physical element 4.

In the brief of the appellant there are given, in applying the claim to his drawings, statements designed to show just what features numerically designated in the drawings constitute the "connection" and respectively result in (a) "movement with the drive shaft," (b) "imparting rotary motion to the driven shaft," (c) "a rate of rotation identical with the rate of rotation of the drive shaft," (d) "limited movement independent of said drive shaft." Also there are given in the brief various features numerically designated in the drawings which comprise the "control means" last named in the claim.

■ It is familiar law that a claim is the measure of the invention and that a claim must be considered in the light of what it itself contains.

An examination of the allowed claims discloses that where patentable combinations of specific structural features were claimed same were duly allowed.

It does not follow, however, that claims, although reading upon appellant's device, which are so indefinite as to structure and so broad in terms as to read also upon prior art, should be allowed. The question as to claim 25, therefore, is: Does it read upon Stone?

It is conceded that Stone does not show "a driven shaft coaxial with the drive shaft," but he does show a pulley which the Patent Office tribunals treated as an equivalent thereof. Stone's specification names a pulley but adds "or other transmitting device."

It is not altogether clear to us whether appellant challenges the correctness of the Patent Office holding upon this particular point. There is no specific assignment of error confined to that finding, the assignment respecting claim 25 being general to the Stone reference. We are unable, particularly in view of the words, "or other transmitting device," to see wherein such holding was erroneous.

As to the element designated "a connection," the Board of Appeals held this to be comprised, in Stone, of a certain member described in Stone's specification as "a supporting-wheel G, keyed on the counter-shaft," and another member, apparently a planetary wheel, or pinion, marked "E" in Stone's drawings. This seems to follow the statement of the examiner, but the latter also made reference to a spurwheel (marked "D") of the pulley as a part of the connection.

Appellant challenges the correctness of the holding, insisting that Stone's supporting-wheel G, above alluded to, is fixed to, and is, therefore, a part of the drive shaft, and that the spurwheel D is part of the pulley. The argument is that one being a part of the drive shaft and the other a part of the driven member, they cannot be parts of the connection between the two.

We are unable to agree that this contention of appellant is correct. Those features of Stone, designated by "G," "E," and "D," in co-operation, in fact, do form a connection between the driving member and the driven member. The breadth of the claim and the fact that it is not limited by specific structural features may not be disregarded. If Stone's features, "G," "E," and "D," be regarded, as we think they properly may be, as the connection, then their operation in connection with other features, not necessary to

be enumerated, brings substantially the operative results mentioned under designations (a), (b), (c), and (d) in our analytical study of the claim, supra.

As to the rejection of claim 26 upon the patent to Gerber, appellant makes two general contentions.

It is insisted that the claim does not read upon Gerber, but that if it should be held otherwise, appellant has obviated Gerber as a reference by affidavit filed under rule 75 of the Patent Office.

As a first ground upon the first general contention, it is pointed out that the Gerber device is not one for variable speed transmission. Hence it is argued that it is excluded by the first clause of the claim, viz., "In a device of the class described."

Under the doctrine stated by this court in the case of In re Dawe, 53 F.(2d) 543, 19 C. C. P. A. 728, following Braren v. Horner, 47 F.(2d) 358, 18 C. C. P. A. 971, 981, and cases cited in the latter, this contention is not good.

The phrase quoted is merely introductory and, as a matter of fact, there is nothing in the claim itself which specifies a "variable speed transmission device."

We turn therefore to the other phases suggested in the first contention.

Claim 26, like claim 25, as is pointed out by the examiner, is rather indefinite as to structural features. It is plain, however, that the structure must be one which presents an arrangement of (a) drive shaft and (b) driven shaft whereby there may be a joint movement of the latter with the former and also a rotary movement of the latter independent of the former. Another demand of the claim is that one of the shafts shall be a crank shaft having a connection with the other shaft which connection shall have (a) "unitary rotation with said other shaft" and (b) "movement relative to said other shaft for modifying and controlling the joint and independent movement of said drive and driven shaft."

The Gerber patent is quite succinctly described in the brief of the Solicitor for the Patent Office, as follows: "The patent to Gerber * * * relates to a reverse mechanism having coaxial shafts 1 and 10, of which

1 may be considered the driving shaft and 10 the driven shaft. The shaft 1 has a crank disk 2 and shaft 10 a corresponding crank disk 20. The sleeve or block 41 has crank pins 4 and 40 cooperating with crank disks 2 and 20 respectively. When the band 15 is applied relative movement takes place between the two shafts and when the band 90 is applied unitary rotation of the shafts takes place * * *."

We are unable to detect any error in the foregoing description, which is in entire accord with the findings of the Board of Appeals. Gerber seems to us to meet the claim which is obviously broad in its terms. Claims limited by their terms to appellant's specific structure appear to be among those allowed by the Patent Office.

We think the holding of the Board of Appeals as to the insufficiency of appellant's affidavit to meet the requirements of rule 75 of the Patent Office is correct and should be sustained.

The pertinent portion of the affidavit merely states: " * * * the affiant made and tested a device conforming exactly with the above identified application including the drawings thereof, and which device was complete and successfully tested on or before January 1, 1925; that the affiant still has in his possession the said original device. * * *."

Appellant failed, however, to offer his drawings or the device itself or any photograph or other evidence in support of the affidavit. The Patent Office tribunals were obviously unable from the meager statements contained in the affidavit to establish identity between the work appellant alleged that he had done and the invention claimed. A mere bald statement, such as the affidavit contains, is not sufficient to meet the proper requirements of the patent laws in contentions of this character.

As to claim 28, disallowed because regarded as functional, we also agree with the tribunals of the Patent Office. As we view it, all that is not purely functional in the claim is covered by the allowed claims.

The decision of the Board of Appeals is affirmed.

Affirmed.