910

**BAKER & CO., Inc., v. FISCHER et al.**

No. 1725.

District Court, D. New Jersey.

Oct. 25, 1943.

Harry B. Rook, of Newark, N. J., for plaintiff.

Benedict Tessler, of Newark, N. J., and Schaines & Liberman and Wm. R. Liberman, all of New York City, for defendant.

JAMES ALGER FEE, District Judge.

This is a suit for patent infringement. The defendants are charged with infringement of United States patent No. 2239302, granted April 22, 1941, on an application filed by S. H. Pritchard for a mounting for gems or precious stones. Previously, on March 9, 1939, Pritchard had filed an application for a British patent, which was subsequently granted and, therefore, plaintiff now claims this as the date of invention of the patent in suit since there is but a slight variation between the British and the American patents.

The invention is alleged to consist, in a general way, of a specific type of mounting for a gem, or precious stone. The method of setting is described as "a cage or frame", "having claws", "which are bent over the edge of the gem", and enclosing a plate centrally apertured within the cage "to encompass the pavilion of the gem intermediate its length" which displays "an upwardly reflecting surface to extend outwardly beyond and beneath and in closely spaced relation to the girdle of the gem". The purposes of the invention are said to be, first, to "provide a secure mounting for the gem" and, second, to "enhance the appeal to the eye", "by providing a setting which will give the gem the appearance of being larger than in fact it is". To accomplish the first object, Pritchard purposed to add to the conventional cage, a slotted centrally apertured plate and by seating the gem thereon and holding it thereto by means of claws or prongs, to dispense with the necessity, present in prior art, of forming notches, bearings or seatings on the prongs in order to support the gem. However, plaintiff contends that the main object of the patent was not to secure the gem, but to create an illusion that the gem is larger by means of the polished upper surface of the slotted plate mounted underneath and extending outwardly beyond and in closely spaced relation to the girdle of the gem.

The question arises as to whether the particular combination so described is not necessary to support the patent. It is debatable, if a glittering or faceted surface were mounted in closely spaced relation to the girdle of the gem but without having been brought there by this peculiar method, whether such a device would fall within the claims and specifications. The subject matter is inseparable and the means are based upon a particular device.[1] A patent cannot be issued upon a function. Here there seems to be an attempt to isolate and claim as a patentable novelty, the aptitude of a gem to pick up and refract light reflected from polished surfaces in close proximity to it.[2] Inasmuch as the

---

[1] "A patent is not good for an effect or the result of a certain process, as that would prohibit all other persons from making the same thing by any means whatsoever." Continental Can Co., Inc., v. Cameron Can Machinery Co., 7 Cir., 76 F.2d 173, 176, and cases therein cited.

[2] See Hartford Empire Co. v. Obear Nester Glass Co., 8 Cir., 71 F.2d 539; In re Ernst, 71 F.2d 169, 21 C.C.P.A., Patents, 1235; In re Garratt, 63 F.2d 113, 20 C.C.P.A., Patents 878; Lapeer Trailer Corporation v. Fruehalf Trailer Co., D.C.Michigan, 50 F.2d 634; Myers v. Beall Pipe & Tank Corporation, D.C., 36 F.Supp. 752.

devices in use by defendants are not constructed in any manner similar to those set out in the specifications of the patent, but are only said to infringe because a polished metal surface is brought in closely spaced relation with the girdle of the gem and extends underneath and outwardly beyond, it may well be that further discussion is unnecessary.

But if the question of the patentability of the particular combination be laid aside in view of this situation, and only the alleged invention involved in the closely spaced relation between the slotted plate and the gem be scrutinized, the question of whether the object of creating the illusion specified was accomplished is first to be considered. There were introduced in evidence, two models constructed along the lines laid out in the .patent which were set not with diamonds, but with imitations thereof. At certain angles and in certain lights, there is a momentary illusion to an uncritical observer, of a larger expanse of reflecting surfaces than is actually contained within the limits of the imitation stone so mounted. It is probable that if an actual stone was mounted in either of these rings the illusion should not be as effective.

However, we are still confronted with the question of whether or not there is an invention involved. The great commercial success of the device is cited as proof thereof. This exemplification of success is found in the tremendously increased sales of rings of this type over other designs. Courts are not expected to discover that fashion rules in the realm of settings of diamonds as well as in other fields of feminine decoration, but this court attributes the favor claimed for the illusion settings to the nod of the arbiters of style.[3]

■ The record in this case is replete with proof that diamond setting is an art and not a mathematical science. The court takes judicial notice that this art has been practiced for hundreds of years. The setter will, of course, be controlled by the current style. The proofs of plaintiff in this case went to great length to establish the fact that the artist does not regard the forms of the mechanical cages and prongs as the answer to his problem. Each gem requires individual artistic treatment. Some of the canons of the art may be standardized, but the function of a faceted metal surface in closely spaced relation to the gem cannot control the artist nor, on the other hand, can his method of approaching other processes of setting be the basis of a patent even if the result is novel and perhaps startling. And here, of course, it must be noted that this patent does not purport to cover a method, but only a particular mechanical device.

This court needs no proof to support the proposition that the principles of reflecting and refraction of light from gems have not changed. The court requires no proof to show that in the small space afforded by a ring, of polished metal and small diamonds have been used in accordance with such principles for the purpose of enhancing the beauty and the brilliance of the central gem.

■ No patent should, therefore, have been issued for this reflection of an idea. Not only this patent, but the whole series of cited patents with reference to the setting of diamonds, seems to illustrate the reason for the judicial weakening of the presumption' of invention formerly extended by virtue of the administrative grant from the patent offices.[4] It seems very clear that any one who presumes to invade the field of diamond setting with a novel idea must, in view of the nature of the situation and the history of the art, possess genius so patent as to be immediately recognized. The patent models here displayed are variations of a single theme, the enhancement of the beauty and brilliance of the central gem. While beauty in conception and design has been displayed, these respective settings are no more different than one round of golf over the

[3] See Bailey v. Sears, Roebuck & Co., 9 Cir., 115 F.2d 904. See, also, Toledo Pressed Steel Company v. Standard Parts, Inc., 307 U.S. 350, 356, 357, 59 S.Ct. 897, 83 L.Ed. 1334.

[4] This tendency although not express is extremely well marked. See Cuno Engineering Corporation v. Automatic Devices Corporation, 314 U.S. 84, 90–92, 62 S.Ct. 37, 86 L.Ed. 58; Toledo Pressed Steel Co. v. Standard Parts Inc., supra; Paramount Publix Corporation v. American Tri-Ergon Corporation, 294 U.S. 464, 55 S.Ct. 449, 79 L. Ed. 997; Carbice Corporation of America v. American Patents Development Corporation, 283 U.S. 420, 51 S.Ct. 496, 75 L.Ed. 1153. Contrast with Boyd v. Janesville Hay Tool Company, 158 U.S. 260, 15 S.Ct. 837, 39 L.Ed. 973; Westinghouse Electric & Manfuacturing Company v. Formica Insulation Company, 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316.

912

same course differs from another. The basic ground work remains the same and nothing is exemplified more than a highly specialized skill in working out problems which are essentially identical, but differ in detail at each repetition. A comparison with the prior art gives point to this discussion. In the light of previous design, the so-called discovery of the patent will be found to be illusory. Without detail, a few instances of the prior art may be noticed. The patent to Wodiska[5] does not go into detail, but sets out a design for a setting for gems. If a diamond was set in the cage so specified, all the effects claimed by plaintiff could be produced. It may be objected that the prongs shown in Wodiska are too long to bring the polished surface of the surrounding metal in closely spaced relation to the gem, but as noted above, the art of the setter takes care of all such deviations. The artist with the Wodiska design could produce a ring with the same effect as that of plaintiff if he believe .it would increase the beauty or effect of the gem.

Eliasoff patent [6] indicates a plate, in close proximity to the girdle, which has the upper surface treated so as to "collect the light, and reflect it in a myriad of tiny beams of light to produce an entirely new aesthetic effect not heretofore known in the art" "and also imparts an apparent visual magnification to the stone held in the setting." How successful this effect may have, been, the court cannot judge, since no example of such a setting has been presented. However, it must be noted that the metal was in close proximity and below the girdle of the gem. Onions British patent [7] exemplifies the same type of device with a "polished ringlike platinum facing projecting partly beyond the boundary edge of the stone and partly inwardly of said boundary edge so that the stone overlies a part of the facing. The stone is supported above and from the facing claws." It is thus claimed that the facing "forms a brilliant mirror-like backing acting partly through the stone and in greater part around and beyond the boundary of the stone". Plaintiff attempts to distinguish this statement, which apparently sets out a similar object to the Pritchard patent on the theory that Onions does not specifically provide for the closely spaced relation of plate and gem. Likewise, it may be said from the representation that the plate of Onions may extend more broadly beyond the girdle than does Pritchard. If either of these positions is true, the difference is one of degree which would not delay the skilled artisan even momentarily if he had before him the clear statement of the objective made in the Onions patent.

Likewise, in the Bennett catalogue of 1936 and 1938, there is displayed a ring with a bezel placed underneath the girdle and extending beyond the gem. The primary purpose of this was to protect the edge of the gem from chipping, but the result was characterized as "a small metal line" which "adds beauty by making the diamond appear larger." It may well be, as was expressed by the artisan who designed this ring, that the expression quoted above was the poetry of the catalogue maker, but after all, it seems, whether in close proximity to the girdle or at a distance, that the small metal line surrounding the diamond for the purpose of enhancing its size and beauty is all the plaintiff can claim. The placement of the line is a question of workmanship. Again the court has before it only a rough model of the Bennett ring, unset. How effective the device may have been in actual practice, therefore, is left somewhat to speculation.

If consideration be given to rings set with other stones the Suderov [8] is prominent. There the object is described as an attempt "to construct the setting in such a way as to obscure the lines of separation between the several stones and thus enhance the effect of a single stone." To accomplish the result, a central stone "is supported above the plane of the surrounding stones and with its edges substantially or approximately overlaying the edges of the surrounding stones, said central stones being supported by 'bits' or prongs rising from the central portion of the head." It would be a work of supererogation to pile up other instances. The patent, therefore, is declared to be invalid as to the claims in suit.

There is another ground for holding that defendants must prevail. The defendants' models are much more like former designs of plaintiff which are in the public domain, or like the Traub setting produced in 1927, than they are like the model of the patent. To the view of the court, none of these produces the same effect as do the exhib-

---

[5] No. 37576 (October 25, 1905).
[6] No. 1,368,909 (March 20, 1920).
[7] No. 281176 (1927).
[8] No. 1,252,966 (October 11, 1937).

its drawn on the lines set out in the patent. Although the court believes this to be also a firm ground of decision, the point will not be labored since the case has already been disposed of. The patent in suit is not infringed and in any event is invalid.

Appropriate findings and judgment may be prepared.