**SENCO PRODUCTS, INC., Plaintiff-Appellant,**

v.

**FASTENER CORPORATION and Duo-Fast Co., Defendants-Appellees.**

No. 12548.

United States Court of Appeals
Seventh Circuit.

July 8, 1959.

Rehearing Denied Aug. 13, 1959.

William J. Stellman, Chicago, Ill., Stanley H. Foster, Cincinnati, Ohio, James R. Sweeney, Hofgren, Brady, Weg-ner, Allen & Stellman, Chicago, Ill., John W. Melville, Erastus S. Allen (on the brief), Allen & Allen, Cincinnati, Ohio, of counsel, for appellant.

M. Hudson Rathburn, Walther E. Wyss, Chicago, Ill., Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., of counsel, for appellees.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

■ Senco Products, Inc., plaintiff-appellant, a manufacturer of staples and staplers (hereinafter called plaintiff) brought suit in the District Court against Fastener Corporation, a manufacturer of similar devices and Duo-Fast Co., its Illinois distributor, defendants-appellees (referred to as defendants) for an injunction and damages for alleged patent infringement. The District Court entered judgment finding the patent invalid for lack of invention and dismissed the complaint. Plaintiff appealed. The main contested issue is whether the District Court erred in holding the patent invalid for lack of invention in view of certain prior art.

The stapling devices or "guns" manufactured by both parties are of a portable pneumatic type designed primarily for use in upholstering operations. The staple driving mechanism of the patent in suit features a separate driver and piston with a separate stop for the piston, so arranged that the driver and piston accelerate together and move as a unit in the staple driving operation until the piston is stopped. The driver, due to its accumulated kinetic energy, continues its movement to complete the setting of the staples without further force or energy from the piston. The driver advances slightly beyond the tip of the gun. A spring serves as a final limit stop for the driver. Advantages claimed for this mechanical arrangement are the elimination of frequent driver breakage encountered when the driver and piston are in one unit or when rigidly connected and

proper staple setting without injury to the material stapled. Plaintiff contends that the two features—the separate driver and piston and the separate piston stop served to distinguish its patent from all prior art.

The defendants rely on references to prior art which they contend disclose the use of separate pistons and drivers and separate stops for each in similar tools. The references included devices for stapling, tacking, nailing, riveting and other percussion tools. It would unduly lengthen this opinion to discuss each reference in detail. We have considered each reference and the arguments of counsel bearing on its relevance.

Pneumatic stapling guns were actually designed as early as 1891 (Bradeen patent 451,995). Evidence of prior art considered by the District Court and upon which it based its conclusion included the Randall patent 1,939,632 covering a portable pneumatic stapling machine. This device utilized a piston separate from the driver, although the latter was rigidly secured to a floating auxiliary plunger. There were, however, no separate stops for the piston and driver. In a Randall commercial gun introduced in evidence by defendants and represented by drawings in defendant's exhibit 226 there was a loose connection between the piston and driver which allowed the driver a slight degree of movement after the piston had stopped. The Bradeen tacking machine patent incorporates the basic essentials of stapling machine devices. The driver and piston form one piece and there is but one stop for the piston and driver. Other percussion tools, however, were shown to have incorporated separate pistons and drivers. The Von Vass patent 1,186,458 covering a nailing device employed a piston which was separate from the driver. The piston was stopped independently of the driver. A spring served as a stop for the driver. The Carmina patent 1,142,671 disclosed a construction in which a recessed piston is arranged to receive and drive a separate driver, provisions being made for separate stops for the piston and driver. The foregoing examples of prior art and evidence concerning tools in commercial use in our view sustain the District Court's conclusion that although the plaintiff's stapling device represented improvement and development, such improvement and development was the result of mechanical skill only. The arrangement of the features incorporated by the plaintiff in its device did not possess the "impalpable something which distinguishes invention from simple mechanical skill", Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 129, 95 L.Ed. 162. These features had been employed in other similar types of tools. Their adaptation by plaintiff resulted in an improvement but represents no more ingenuity than the work of a mechanic skilled in the art. There are no "unusual or surprising consequences from the unification of the elements here concerned" nor did plaintiff's utilization of the features it mentions "add to the sum of useful knowledge". Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

It is enough to defeat a patent under 35 U.S.C.A. § 103 that from one or more related prior art patents, one having ordinary skill in the art would find the claimed invention obvious. Enterprise Ry. Equipment Co. v. Keystone Ry. Equipment Co., 7 Cir., 1959, 267 F.2d 102.

The presumption of validity arising from the grant of a patent does not exist as against prior art not before the Patent Office. Hobbs v. Wisconsin Power & Light Company, 7 Cir., 250 F.2d 100, 105. Of the aforesaid prior art relied upon by the defendants only Randall and Pardee patent 2,304,650 were before the Patent Office.

We hold the patent invalid for lack of invention. Consideration of commercial success is therefore irrelevant.

Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

The judgment of the District Court is affirmed.