NIAGARA MACHINE & TOOL WORKS,
a New York Corporation, Plaintiff,

v.

FAMCO MACHINE CO., Inc., a Wisconsin
Corporation, Defendant.

No. 56-C-176.

United States District Court
E. D. Wisconsin.

Sept. 21, 1959.

S. Lawrence Wheeler, Milwaukee, Wis., Conrad Christel, Buffalo, N. Y., for plaintiff.

Curtis B. Morsell, Jr., Milwaukee, Wis., J. M. Weisman, Racine, Wis., for defendant.

GRUBB, District Judge.

Action for alleged infringement of Design Letters Patent No. D–167,710 issued on a power squaring shear (Exhibit 1).

The court has jurisdiction of the action under the patent laws of the United States. Plaintiff, Niagara Machine & Tool Works, hereinafter referred to as "Niagara," is the owner of the patent in suit by direct assignment from the inventor and applicant, Frederick E. Munschauer, Jr.

The machine to which the Munschauer patent relates is a power squaring shear, a tool used in the sheet metal art. It is of fabricated steel construction. Its essential component parts are two side or end frame members, a reciprocal crosshead member, a hold-down member, and a power transmission mechanism.

The main body of each end frame member comprises a large rectangle. A smaller rectangle extends upward therefrom, at the rear thereof, so that the rear vertical edges of the two rectangles are continuous, and the outer side faces are continuous and coplanar. The front faces of the end members are also rectangular, relatively narrow, and of substantially uniform width, extending from the top surface of the bed to the floor. Two sets of screws are located on each end member—one set of three on the upper front surface and another of four arranged in a square, on the side surface thereof.

The end frame members are formed by flanging the various vertical edges inwardly to constitute a main channel member with a smaller superposed channel member at the upper rear portion thereof. The flanging also produces channel shaped, inbent footplate members at the lower inner portions of the side frame members.

The bed, extending between the end frame members, is the lower shear of the machine and also serves as a support-ing surface for the stock during the cutting operation. The front face thereof comprises a flat rectangle, set back from the front surface of the side frame members from $\frac{1}{8}$ to $\frac{1}{4}$ inch.

The reciprocal crosshead member, constituting the upper knife of the shear, is employed in an up and down motion which effects a shearing stroke. It is triangular in shape, having a vertical front wall, a horizontal bottom wall, and a sloping upper or rear wall.

The hold-down member extends across the machine just above the top surface of the bed. It is generally of rectangular shape with a series of arched openings at its lower edge.

The power transmission mechanism for driving the machine is located at the lefthand side, extending laterally from the side frame member. It is housed in a compound cylindrical casing.

The novelty of the Munschauer patent is claimed to lie in the new overall appearance of the machine which has been described as a simple, rectilinear, rather severe "clean" design of rectangular surfaces with somewhat rounded edges, resulting from a combination of the component parts described above.

The File Wrapper history of the Munschauer patent reveals that application therefor was filed September 7, 1950. Specification of the design is with reference to the accompanying drawing. Prior art before the examiner consisted of the Ludwick patent, relating to a metal shear, as a basic reference, and of Wilcox and Schutes patents, designs for a punch or other machine and a domestic table, respectively, as supporting references.

Defendant's accused machines are Famco Model "14–16" power shears (Exhibit 3–A and Exhibit 3–B); Famco Model "100" power shears (Exhibit 4–A and Exhibit 4–B); Famco air shears (Exhibit 5), Models "A–36," "A–42," "A–52," and "A–72"; and Famco Model "F" foot shears (Exhibit 6).

The component parts of the accused machines are channel shaped and frame

members, rectangular in side and frontal aspect; rectangular hold-down bars; triangular crossheads; and driving mechanisms supported by and substantially projecting from one side of the shear in the power models.

Infringement allegedly lies in the confusing visual similarity between the overall appearance of the accused machines and the design of the patent in suit.

Defendant contends that the Munschauer patent is invalid because of prior use and publication and lack of invention and denies infringement.

*Prior Use and Publication.*

■ It is a condition for patentability that the invention sought to be patented shall not have been described in a printed publication nor have been in public use or on sale in this country for more than one year prior to the date of the application for patent in the United States. 35 U.S.C.A. § 102(b).

Defendant relies particularly on Niagara Bulletin 69–A, page 18 (Exhibit 9), admittedly published more than one year prior to the Munschauer patent application, as constituting prior publication.

The machine illustrated, Niagara No. 28 power squaring shear, is of generally rectilinear, rectangular construction and also shows similarity to the patent in suit in the appearance and mounting of the power transmission mechanism, the bed, and the crosshead. While a general visual resemblance is present, differences may be noted in details of the hold-down bar and particularly in the appearance of the end frame members which are of box-like construction in Niagara No. 28, whereas they are flanged, channel-like in the patent in suit.

These differences suffice to distinguish Niagara No. 28 power squaring shear from the patent in suit so that the illustration of the former in Niagara Bulletin 69–A does not constitute such prior publication as to invalidate the patent.

*Lack of Invention.*

■ Patentability of a design for an article of manufacture is conditioned on its being "new, original and ornamental." 35 U.S.C.A. § 171. The design must be unanticipated and inventive in character and beyond the skill ·of the ordinary designer. Spaulding v. Guardian Light Company, 7 Cir., 1959, 267 F.2d 111.

Defendant has offered numerous examples of prior art, including a number of Niagara's earlier machines, to show prior use of the features of the patent in suit, either singly or in a combination of several of them, allegedly resulting in an anticipation of the overall appearance of the Munschauer patent. Thus Niagara No. 28 shows a rectangular, rectilinear frontal and side aspect in combination with a triangular crosshead and a compound cylindrical casing enclosing the power mechanism attached to and supported by the left end member.

Channel shaped end members formed by flanging fabricated steel and a generally rectangular appearance may be found in Niagara foot shears (Exhibit 25).

Barth power shears show a generally rectangular aspect with inbent flanged feet (Exhibit 14). Wysong and Miles power squaring shears show elements of flanging of end frame members, inbent feet, similarity in hold-down bar to that of the patent in suit, and rectangularity to varying degrees (Exhibits 15 and 17).

It may be noted that none of the above-described prior art was before the Patent Office for purposes of the Munschauer patent application. The reference patents, as shown by the File Wrapper history (Exhibit 21), are not as close to the patent design in suit as Niagara's earlier machines were.

The Ludwick patent (Exhibit 11), relating to a foot shear, lacks rectangularity of frontal aspect, the triangular cross-bar, and a power mechanism. Wilcox (Exhibit 12), a design for a punch press or similar machine, shows a somewhat

rectangular flanged side frame member with inbent feet. Schutes (Exhibit 13), a design for a combination table and cabinet, shows rectangularity and flanging only in entirely different proportions from that of the Munschauer patent or, for that matter, of any squaring shear.

A design based on a modification of Niagara's earlier models, achieved by substituting channel shaped end members used in others of its machines, or by combining old features such as the compound cylindrical housing and triangular crosshead with the salient features and the characteristic overall appearance of Niagara's earlier foot shears, lacks newness, originality, and inventiveness. Testimony on the trial indicated that these modifications and variations substantially were dictated by structural manufacturing requirements and functional needs. Thus, the configuration of the design patent in suit is dictated primarily by the utility of the machine to which it applies.

While grouping of old elements does not of itself invalidate a patent or negative invention, Krem-Ko Co. v. R. G. Miller & Sons, 2 Cir., 1934, 68 F.2d 872, a resultant design that has already been anticipated in its essential totality, as well as its component parts, does not meet the statutory standards of invention. A claimed invention that is obvious to one having ordinary skill in the art and chargeable with knowledge of the prior art is not patentable. 35 U.S.C.A. § 103. Senco Products, Inc. v. Fastener Corporation, 7 Cir., 1959, 269 F.2d 33.

*Infringement.*

■■ A comparison of the accused machines with the Munschauer patent and with the prior art reveals substantial similarities in design. Rectangularity in generally similar proportions of frontal and side aspects is found in the accused machines, in the Munschauer patent, in Niagara No. 28, and in earlier Niagara foot shears (Exhibit 25). Channel shaped end frame members are elements of the accused machines, of the Munschauer patent, of Niagara's earlier

foot shears, of Barth, and of Wysong and Miles shears.

A similar crosshead member is found in the accused machines, in the patent in suit, and in Niagara No. 28. Essentially similar hold-down bars are found in several of the accused machines, in Munschauer, and in Niagara foot shears.

Combination of similar component parts in the machines inevitably results in a general sameness of effect. In part, the similarity may be attributed to utilitarian requirements and the nature of the material of manufacture. Nevertheless, distinguishing factors between the accused machines and the patent in suit may be noted.

Thus, Famco Model "14–16" power shears has front and rear skirts mounted on the machine, which skirts, although detachable, form an integral part thereof. The openings in the hold-down bar are in the nature of feet rather than the arched openings and one piece effect in Munschauer. There is a notable difference in the appearance of the power mechanism and in the manner of mounting thereof. The Famco model has a one piece transmission cover and an electrical control box mounted directly above it, closely attached to the left side of the machine.

The Famco "100" Series shows a distinctly different power mechanism housing mounted on the opposite side of the machine from the patent in suit. The Famco air shears and Famco "F" Series foot shears lack an attached power mechanism.

The essentially similar placement of screws, whereby the bed of the machine is mounted between the end frame members in the accused machine and in Munschauer, is a minor detail of the overall design and appears to be primarily dictated by structural requirements of the machine.

It may also be noted that the overall appearance of Famco Model "14–16" power shears and Famco foot and air shears bear as close, if not closer resemblance to Niagara's earlier machines,

Niagara No. 28 and Niagara foot shears, respectively, as they do to the patent in suit.

The test of infringement of a design patent is whether or not the accused design is of such similarity in peculiar or distinctive appearance or creates a substantial sameness of effect as the patented design as to deceive the eye of the ordinary purchaser reasonably familiar with the object in question. Gorham Mfg. Company v. White, 1871, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731; S. Dresner & Son v. Doppelt, 7 Cir., 1941, 120 F.2d 50.

Assuming the validity of the patent in suit, there nevertheless is no infringement thereof since the general similarity in design shared by the Munschauer patent and the accused machines is sufficiently disrupted by the differences in component parts noted above, even without reference to the clearly displayed names of the manufacturers.

Defendant's counsel is hereby directed to prepare findings of fact and conclusions of law in conformity herewith and to submit the same to plaintiff's counsel for approval as to form only.