**TINGUE, BROWN & CO., Plaintiff,**

v.

**RAYBESTOS–MANHATTAN, INC.,**
**Defendant.**

**Civ. No. 594–57.**

United States District Court
D. New Jersey.

Feb. 19, 1960.

McCarter & English, by Verling C. Enteman, Newark, N. J., Stephen H. Philbin and E. Cummings Sanborn, New York City, of counsel, for plaintiff.

Harry Rook, Newark, N. J., Maxwell James, New York City, of counsel, for defendant.

MORRILL, District Judge.

Towels, sheets, tablecloths and other flatwork are ironed at commercial laundries by a system of steam-heated metal cylinders or rolls. The flatwork does not come in contact with the rolls because the latter are "dressed" or covered with a binder, a padding and a cover cloth. The binder, padding and cover cloth system is old. The binder and cover cloth originally adhered to each other by pressure. Latterly they were stitched together. They are made of different materials, though not necessarily so. The nature of the ironing operation—the heat, the humidity, the pressure—requires replacement of cover cloths.

The plaintiff owns Foster patent 2,460,343, applied for on 28 February 1946 and granted on 1 February 1949. In 1957, the plaintiff sued for the usual injunctive relief and damages; the defendant answered in form, seeking a judgment of invalidity, and set up the defense of file wrapper estoppel. The cassus belli is a separable fastener—in this instance a clipper lacing—which unites the binder and cover cloths. Undoubtedly, this is an improvement over the prior stitch-uniting method, for it permits speedier and separate replacement of the cover cloth and facilitates inspection of all the dressing materials. Furthermore, less skill is required in discarding old and inserting new covers. The defendant now utilizes the separable fastener system and, if the plaintiff's patent is to be upheld, the defendant unquestionably infringes.

The first problem is whether there is invention or merely something obvious to those skilled in the art. The plaintiff claims infringement of all the claims in the patent, three in number.[1]

1. In combination, an ironer roll, a binding strip attached to said roll and wound around substantially the circumference thereof, a covering strip having an end adjacent an end of said binding strip, said covering strip overlying said binding strip and extending at least once around the circumference of said roll, separable fastener means for uniting said ends of said strips, and padding inserted between said binder strip and said covering strip and extending at least once around the circumference of said roll, a portion of said padding also extending beneath said fastening means.

2. In combination, an ironer roll, a binding strip attached to said roll, a covering strip having an end adjacent an end of said binding strip, said covering strip overlying said binding strip and extending at least once around the circumference of said roll, separable fastener means uniting said ends of said strips, and padding cooperating with said binder strip and said covering strip and extending at least once around the circumference of said roll with an end of said padding overlapping said fastening means.

3. A protective assembly for an ironer roll comprising a binding strip adapted for attachment to said roll, a covering strip having an end adjacent an end of said binding strip, said covering strip being of such length as to overlie said binding strip and to extend at least once around the circumference of said roll, separable fastener means uniting said ends of said strips, and padding adapted for cooperation with said binder strip and said covering strip and adapted to extend at least once around the circumference of said roll with an end of said padding overlapping said fastening means.

It might be helpful at the outset to state what the invention does *not* consist of:

1. In its trial memorandum, the plaintiff states that "the invention is not the discovery of separable fasteners nor that they could connect two elements for ready replacement. The Foster patent makes this very clear." Separable fasteners were concededly used for many purposes other than for connecting the binder and cover cloth for flatwork ironers. Indeed, the flatwork involved here is delivered to and carried from the heated rolls and chambers by endless belts or aprons, made "endless" because two ends of a belt or apron are united by a separable fastener.

2. The invention is not the clipper lacing type of separable fastener used by the plaintiff for, as the Foster patent says, the fasteners "may be of any well-known type." In fact, the same type of separable fastener is used on the apron just referred to.

3. The type of material used for binder or cover cloth is not the invention, for as the Foster patent says, the binder "may be of any suitable material" and the cover cloth "may be of any desired fabric material." Nor did the plaintiff make such a claim at trial.

4. It is understood, says the patent, that "the lengths of the binder, cover cloth, and padding may be varied as desired." Thus, no invention is involved in the lengths of these elements. In this connection it is well to note here the lengths referred to in the claims. In claim 1, the binder is "wound around substantially the circumference" of the metal roll, with the cover cloth "extending at least once around the circumference" of the roll. In claims 2 and 3, the cover overlies the binder and extends "at least once around the circumference of" the roll, with no statement as to the recommended length of the binder.

5. At trial, the plaintiff stated that the protection underneath, above or around the separable fastener was not the invention.

What is the nub of the Foster invention? At the outset of the trial, the plaintiff stated that the gist of the invention was the use of a separable fastener in the three element combination (binder, pad and cover).

In its trial memorandum, the invention is described by the plaintiff as comprising "a binder, padding and cover cloth, in which separable fasteners * * * connect the cover cloth and binder * * *," and the issue is stated to be "whether in 1946 it was obvious to those skilled in the art to provide a flatwork ironer with covers connected by separable fasteners to the binders * * *."

In plaintiff's final brief, it is stated that the Foster patent "does not purport to invent anything new with respect to ironer rolls, or padding, or covers or binders, but, instead, it describes a new and useful combination of them employing a 'separable fastener' (clipper lacing) to connect the cover and binder." As early as 1925, Siever's patent 1,539,916 referred to the use of a binder, padding and cover cloth on commercial laundry rolls, and so it seems that the "combination" aspect amounts to using a separable fastener on a combination long in prior use.

Again in its final brief, the plaintiff stated that "the Foster invention was the conception of substituting a 'separable fastener' connection of cover to binder, in lieu of the stitched (sewed) connection," and that "the claims of the Foster patent are based upon the novel concept of joining the cover and binder of an iron roll dressing by a separable fastener."

Considering the specifications and claims of the Foster patents, the testimony, the exhibits and the briefs, the nub of the claimed invention is the use of a separable fastener in the assembly instead of a stitched fastener. Does this undoubted but simple improvement rise to the dignity of a patent?

The simplicity of the Foster conception should not blind one as to the character of the patent. Diamond Rubber

Co. of New York v. Consolidated Rubber Tire Co., 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527. Indeed, the simplicity of a device may even be regarded as evidence of invention. Baldwin-Southwark Corp. v. Tinius Olsen Testing Mach. Co., 3 Cir., 88 F.2d 910, certiorari denied 302 U.S. 696, 58 S.Ct. 14, 82 L.Ed. 538. And the absence of a "flash of genius" in the plaintiff, Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58, need not bar invention. Pacific Contact Laboratories, Inc. v. Solex Laboratories, Inc., 9 Cir., 209 F.2d 529, certiorari denied 348 U.S. 816, 75 S.Ct. 26, 99 L.Ed. 643; R. M. Palmer Company v. Luden's, Inc., 3 Cir., 236 F.2d 496; Plax Corporation v. Precision Extruders, Inc., 3 Cir., 239 F.2d 792; Fisch v. Gould, 3 Cir., 246 F.2d 5, certiorari denied 355 U.S. 914, 78 S.Ct. 341, 2 L.Ed.2d 273; Dole Refrigerating Co. v. Amerio Contact Plate Freezers, Inc., 3 Cir., 265 F.2d 627.

However, there is a series of cases which weighs more heavily with me in determining the issue.

■ In Cuno, supra, the idea of thermostatic control of heating units in toasters, coffee makers and other electrical appliances was held not to be an invention when applied to an automobile cigarette lighter. The court said that "More must be done than to utilize the skill of the art in bringing old tools into new combinations." 314 U.S. at page 89, 62 S.Ct. at page 40, and that while a combination may be new and useful "that does not necessarily make the device patentable," 314 U.S. at page 90, 62 S.Ct. at page 40. And when a combination is made up entirely of old components, as is true in our case, a more exacting standard of invention is required. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152–153, 71 S.Ct. 127, 95 L.Ed. 162, rehearing denied 340 U.S. 918, 71 S.Ct. 349, 95 L.Ed. 663. An indefinite "more" is now expected of proffered inventions. R. M. Palmer Company v. Luden's, Inc., 3 Cir., 236 F.2d 496.

■ The mere application of an old process of inhibiting to a new and analogous use of protecting metal well equipment from corrosion has been held to lack the very essence of invention. Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, at page 330, 65 S.Ct. 647, at page 651, 89 L.Ed. 973, where the court said, "It is elemental that the mere substitution of equivalents which do substantially the same thing in the same way, even though better results may be produced, is not such an invention as will sustain a patent."

Improvements in excavating machines by a fixation of the scoop to the stick, the pivoting of a drop bottom near the front of the scoop which could be unlatched to drop the contents and closed by checking the momentum of the scoop were held to be a mere aggregation of old elements and not to constitute a patentable invention. Keystone Driller Co. v. Northwest Engineering Corp., 294 U.S. 42, 55 S.Ct. 262, 79 L.Ed. 747.

The idea of placing dry ice and ice cream in a container was held not patentable because of the locational element of the materials. Carbice Corp. of America v. American Patents Development Corp., 283 U.S. 420, 51 S.Ct. 496, 75 L.Ed. 1153.

A process for the clarification of sugar juice was held not patentable because it was related to a closely analogous subject—the art of clarifying dirty liquids. Dorr Co. v. Yabucoa Sugar Co., 1 Cir., 119 F.2d 521.

A patent on a stapling gun which incorporated various advances which, in one form or another, had been incorporated in pneumatic guns for other purposes, was held to describe no invention. Senco Products, Inc. v. Fastener Corporation, 7 Cir., 269 F.2d 33, certiorari denied 80 S.Ct. 370, 4 L.Ed.2d 353.

Discovery of new uses for, or newly observed functions of, a device well-known in the mechanical or structural arts, has been held not to be patentable invention. Mathews Conveyor Co. v. Palmer-Bee Co., 6 Cir., 135 F.2d 73.

The adaptation of the known method of insulating ships to the insulation of houses was held not to be invention. Slayter & Co. v. Stebbins-Anderson Co., 4 Cir., 117 F.2d 848.

The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention. A discovery must add something of significance, though not necessarily very much to scientific knowledge if it is to take on the quality of invention. Packwood v. Briggs & Stratton Corp., 3 Cir., 195 F.2d 971, certiorari denied 344 U.S. 844, 73 S.Ct. 61, 97 L.Ed. 657, rehearing denied 344 U.S. 882, 73 S.Ct. 174, 97 L.Ed. 683; Mojonnier Bros. Co. v. Tolan Machinery Co., 3 Cir., 230 F.2d 850.

When well-known means to accelerate the drying of a hat are utilized to accelerate the drying of a coat, such utilization will not sustain a patent. United States Hoffman Machinery Corp. v. Pantex Pressing Machine, 3 Cir., 44 F.2d 685, certiorari denied 282 U.S. 904, 51 S.Ct. 217, 75 L.Ed. 796.

In Welsh Manufacturing Co. v. Sunware Products Co., 2 Cir., 236 F.2d 225, the patent related to the manufacture of sun glasses by using a single piece of metal in connection with the top bracing bar instead of the previously used two pieces. The patentee argued that evidence that this method of pinioning was used in fields other than the manufacture of glasses was inadmissible. This contention was rejected, the court saying, 236 F.2d at page 226, "Where the use of a device or structure is common to many dissimilar fields, its application to a new field ordinarily involves no more than ordinary mechanical skill."

I conclude that the plaintiff's patent is merely a combination or aggregation of elements which were old in the arts, that their application to the flatwork ironing field involved no more than ordinary mechanical skill and that the novelty does not rise to the dignity of an invention. Powers-Kennedy Contracting Corp. v. Concrete Mixing & Conveying Co., 282 U.S. 175, 51 S.Ct. 95, 75 L.Ed. 278. The plaintiff must rest content with whatever fame or personal satisfaction may be found in the premises. Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973. This being a case where invention is plainly lacking, the plaintiff's evidence of commercial success need not be considered. Jungersen v. Ostby & Barton Co., 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235, rehearing denied 336 U.S. 915, 931, 69 S.Ct. 599, 600, 736, 93 L.Ed. 1078, 1092; Great Atlantic & Pacific Tea Co v. Supermarket Equipment Corp., 340 U.S. 147, 153, 71 S.Ct. 127, 95 L.Ed. 162, rehearing denied 340 U.S. 918, 71 S.Ct. 349, 95 L.Ed. 663; Senco Products, Inc. v. Fastener Corporation, 7 Cir., 269 F.2d 33, certiorari denied 80 S.Ct. 370, 4 L.Ed.2d 353. And reaching the conclusion that I do there is no need to discuss the defense of file wrapper estoppel.

Let the foregoing constitute compliance with F.R.Civ.P. # 52, 28 U.S.C.A. Submit form of judgment consistent with this opinion.